IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| OCTAVIO PARRA,<br><br>Petitioner<br><br>VS.<br><br>STEVEN ROBERTS, Warden,<br><br>Respondent | NO.  3:09-CV-64 (CDL)<br><br>Proceeding Under 28 U.S.C. §2254<br>Before the U.S. Magistrate Judge |

## RECOMMENDATION TO DISMISS

Petitioner Octavio Parra has filed a petition herein seeking federal habeas corpus relief.  Tab #1.  Respondent Steven Roberts has responded and filed a motion seeking to dismiss the petition contending that it is untimely filed under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Tab #11.  Petitioner Parra has responded to the motion.  Tab  #13.

### LEGAL STANDARD

The AEDPA, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.  The limitation period shall run from the latest of–*

*(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

*(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

*(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*

*(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

FACTUAL AND PROCEDURAL HISTORY

On May 29, 2002, petitioner Parra was indicted by the Clarke County grand jury for possession of cocaine, driving under the influence of alcohol, driving with unlawful alcohol concentration, open container, driving without a license, and possession of a firearm during the commission of a crime. On February 20, 2004, petitioner entered a negotiated guilty plea to possession of cocaine, driving with unlawful alcohol concentration, and driving without a license. He was sentenced as a first offender under O.C.G.A. § 16-13-2, and received a "split" sentence of three years, 120 days to serve with the balance probated.

Thereafter, on April 11, 2005, an evidentiary hearing was held on a petition for the adjudication of guilt and imposition of sentence. The court determined that the petitioner had failed to pay a court ordered fine and had committed the new offenses of aggravated assault and armed robbery. In an order filed April 13, 2005, the court formally adjudicated the petitioner guilty of possession of cocaine, driving with unlawful alcohol concentration, and driving without a license, and sentenced the petitioner to fifteen years confinement.

Petitioner Parra filed a **state** habeas corpus petition challenging his convictions on December 14, 2006. On January 23, 2007, the state habeas corpus court denied relief. On June 5, 2007, the Supreme Court of Georgia granted the petitioner's application for a certificate of probable cause to appeal the denial and remanded the issue to the state habeas corpus court with instructions to conduct an evidentiary hearing. Petitioner Parra amended his state habeas corpus petition on or about July 9, 2007. An evidentiary hearing was held on October 4, 2007. The state habeas corpus court filed an order granting relief on January 11, 2008. The respondent filed a motion to set aside and vacate judgment and to reopen evidence. The motion was granted on February 15, 2008.

A second evidentiary hearing was held on May 29, 2008. The state habeas corpus court filed a final order denying relief on October 20, 2008. The Supreme Court of Georgia denied the petitioner's application for a certificate of probable cause to appeal on April 20, 2009. Thereafter, on April 28, 2009, petitioner Parra executed the instant federal petition. Respondent Roberts responded to the petition and moved to dismiss the same as untimely under the AEDPA.

DISCUSSION

In his motion seeking dismissal, respondent Roberts avers that the instant petition seeks to challenge the April 13, 2005 adjudication of guilt and imposition of sentence mentioned above. Respondent further asserts that the petitioner's convictions became final on May 13, 2005, the date on which the thirty (30) day period for filing an application for discretionary review pursuant to O.C.G.A. § 5-6-35 expired.[1]  According to the respondent, because the petitioner waited until December 14, 2006 to file his **state** habeas corpus action, there was no time left to toll or in which to timely file a federal petition.[2]  As such, respondent Roberts concludes that the instant petition is clearly untimely and should therefore be dismissed.

In view of the above, and after carefully reviewing the record in this case, the undersigned finds the respondent's analysis of the application of the one-year limitations period to petitioner's case to be persuasive. The time elapsed between the petitioner's convictions becoming final and the execution of the petitioner's state habeas action totaled one (1) year, six (6) months, and twenty-nine (29) days.  This amount of time clearly exceeds the one-year period of limitations.  Thus, petitioner Parra's subsequently filed federal petition is untimely.  Accordingly, the instant motion seeking dismissal should be **GRANTED** and the instant petition for habeas corpus **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 27th day of October, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] See also *Andrews v. State*, 276 Ga. App. 428, 623 S.E.2d 247 (2005)

[2] Note that the petitioner *executed* his state habeas petition on December 12, 2006.